NUMBER 13-02-353-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MIGUEL TREVINO A/K/A MIKE TREVINO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 357th District Court


of Cameron County, Texas.


 


CONCURRING OPINION



Before Justices Hinojosa, Yañez, and Castillo


Concurring Opinion by Justices Hinojosa and Yañez



 Although we agree that the judgment of the trial court should be affirmed, we do not
join the opinion of our colleague in any respect. We concur with the panel's judgment, but
we have serious reservations about our colleague's opinion that prevent us from approving
it as the opinion of the panel. For example, our colleague's opinion includes the following:

I. Superfluous Facts 


 Appellate opinions must be "as brief as practicable." Tex. R. App. P. 47.1. However,
our colleague's opinion recites facts which are simply unnecessary to the final disposition
of this appeal. See id. Although, in general, appellate courts should "show their work," the
recitation of unnecessary facts clouds the disposition of the issues on appeal. See Sims
v. State, 99 S.W.3d 600, 604 (Tex. Crim. App. 2003). A lengthy opinion is assuredly no
substitute for a well-reasoned decision.

II. Dicta


 Our colleague's opinion includes unnecessary statements of the law and
hypothetical resolutions of legal issues, but appellate opinions must address only the
"issues raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1. This
is no mere procedural guideline; it is a rule derived from the Separation of Powers Clause
of the Texas Constitution, which prohibits Texas courts from issuing advisory opinions. 
See Tex. Const. art. II, § 1; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
444 (Tex. 1993). Texas courts have no subject-matter jurisdiction to issue opinions which
do not bind the parties. See Tex. Ass'n of Bus., 852 S.W.2d at 444. Because our
colleague's opinion ventures to decide issues which are unnecessary to the final
disposition of this appeal, and which will not bind the parties, we conclude it is, to the same
extent, a constitutionally-prohibited judicial advisory opinion.


III. Conclusion


 Accordingly, we do not join the opinion of our colleague. We concur in the result
only.

 

 FEDERICO G. HINOJOSA

 Justice


 LINDA REYNA YAÑEZ

 Justice


Do not publish. See Tex. R. App. P. 47.2(b).


Concurring Opinion delivered and filed this

the 9th day of June, 2005.